**Ardian MUCA, Petitioner,**

v.

**John ASHCROFT, Attorney General; Carol Jenifer, District Director; Immigration and Naturalization Service, Respondents.**

No. 02–4403.

United States Court of Appeals,
Sixth Circuit.

Aug. 19, 2004.

Rehearing Denied Oct. 13, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Anthony W. Norwood, Earle B. Wilson, U.S. Department of Justice, Immigration Litigation, Civil Divison, Washington, DC, for Respondent.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

*ORDER*

Ardian Muca petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Muca is a native and citizen of Albania, who entered the United States without authorization in 1996. Muca conceded re-

movability, and applied for asylum and the withholding of removal. He primarily alleged that he had been persecuted in Albania because he was a member of a conservative democratic movement, who had protested the land redistribution programs of the former Communist regime and irregularities in the 1996 national elections. The immigration judge ("IJ") denied his applications for relief on July 9, 1998. Judicial review is focused on the IJ's decision, as it was affirmed by the BIA without opinion. *See Denko v. INS*, 351 F.3d 717, 726 (6th Cir.2003).

Muca argues that the BIA violated his right to due process by affirming the IJ's decision without making a reasoned analysis of his claims. However, our court has upheld the BIA's streamlined appeals process against both administrative law and due process challenges. *See id.* at 726–30 & n. 10. Hence, it is now clear that Muca's due process claims are unavailing.

■ To obtain asylum, Muca must show that he is a refugee whose application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A "refugee" is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Judicial review is not warranted unless the evidence is so compelling that a reasonable adjudicator would have to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). To qualify for the withholding of removal, Muca must show a "clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

The IJ found that Muca's version of the facts was "probably ... fairly accurate."

However, the IJ did not find that his testimony was wholly credible.

> I do have some difficulties with the respondent's credibility, not as it relates to the factual accounting, but more to the weight to be assigned to his claims of fear, and I do so because of some difficulties I find in the timing of some events....

> [H]e admitted that he entered Monte Negro in November of 1995 for a cousin's funeral, and he returned back home. Now, in the absence of any other evidence, that would not cause much of a concern, because the events that he has postulated as forming the basis of persecution did not yet occur.

> However, ... he did describe the persecution in 1995 as very severe, to include detentions, interrogations, beating, imprisonment and death threats, and they were so frequent that his mother almost died. Well, if that is in fact true, I see nothing that has occurred subsequent to that to have caused him even anything of greater concern, and if that is not true, there is at least a tendency in the statements for exaggeration. So in either case, I do believe that has affected me in evaluating his subjective fear.

> And as well, he indicated his first major incident occurred on May 26th of 1996 and he was released on May 27th. Well, he didn't leave soon thereafter. He decided to stay.... He didn't, by his testimony, decide to leave until June 18th, after another period of incarceration. And as well, he failed to seek asylum in the countries to which he traveled, to Italy, Germany and Mexico.

The IJ's factual determination regarding credibility must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *accord Yu v. Ashcroft,*

364 F.3d 700, 703 (6th Cir.2004). Muca has not made that showing here.

The IJ specifically found that he had not met his burden of establishing past persecution. Muca now argues that the IJ disregarded or distorted substantial evidence and that the IJ did not give sufficient weight to his arrests and detentions. However, the IJ discounted Muca's assertion that he feared persecution because of the incidents that occurred in 1995, as he was allowed to leave Albania after those incidents and still chose to return. The IJ also found that Muca had not established past persecution based on his alleged arrests and detentions in 1996, because he did not show that those incidents were based on one of the specific grounds that are enumerated in 8 U.S.C. § 1101(a)(42)(A). *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Muca argues that the IJ improperly defined persecution according to the subjective intent of the persecutors. However, the motivation of Muca's alleged persecutors is critical to his asylum claim. *See id.*

Moreover, even if it were assumed that Muca had established sufficient evidence of past persecution, the government successfully rebutted any presumption that he might have a well-founded fear of future persecution, by submitting several State Department reports which indicated that conditions in Albania had improved since Muca fled the country in 1996. *See Koliada,* 259 F.3d at 487–88. Muca's arguments to the contrary do not compel a different result.

The evidence in this case does not compel a finding that Muca is a refugee because it does not show that he has a well-founded fear of persecution. *See Elias–Zacarias,* 502 U.S. 483–84; *Yu,* 364 F.3d at 703–04; *Koliada,* 259 F.3d at 487–88. Since Muca has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489; *Mikhailevitch,* 146 F.3d at 391.

Accordingly, the petition for judicial review is denied.